UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANEL THOMAS WILKERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-387-HAB-SLC |
| WACASEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that there was an incident involving Officer Heffley on October 3, 2022.[1] Two days later, he submitted a first shift command request form in an attempt to resolve the incident. Wilkerson alleges that both Officer Wacasey and Lieutenant Vachon knowingly ignored his request. Wilkerson filed a grievance on

---

[1] This incident is the subject of another lawsuit. *Wilkerson v. Heffley*, 1:22-CV-365-HAB-SLC (filed October 17, 2022).

October 12, 2022, and on October 21, 2022, that request had not yet been viewed or answered by either of the defendants.

Wilkerson has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Wilkerson further alleges in a cover letter included with his complaint that the defendants are not processing his grievances because he has filed lawsuits against correctional officers. "To prevail on his First Amendment retaliation claim, [Wilkerson] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). When determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not

hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880-81 (7th Cir. 2020). "[T]he harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. 'Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.'" *Holleman*, 951 F.3d at 880-81 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). Delaying grievance responses or even failing to respond at all (thereby making it more difficult to demonstrate compliance with the exhaustion requirements for bringing a lawsuit) may cause someone to keep better records in the future, but it is unlikely to deter a person of average firmness from engaging in future First Amendment activity.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on November 3, 2022.

                                                s/Holly A. Brady  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT